IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIYOKO RUBIO, on behalf of herself and other persons similarly situated )<br><br>*Plaintiff*,<br>v.<br><br>C.R. CONTRACTORS, LLC, SGS, LLC, and MARITZA ROMERO,<br><br>*Defendants*. | CIVIL ACTION NO. 16-13908<br><br>JUDGE IVAN L.R. LEMELLE<br><br>MAG. JUDGE MICHAEL B. NORTH |

### MEMORANDUM IN SUPPORT OF MOTION TO APPROVE FLSA SETTLEMENT

The Parties have reached a settlement of the Plaintiffs' claims and hereby seek Court approval of same, to wit:

### BACKGROUND FACTS

1. On August 17, 2016 Plaintiff Kiyoko Rubio filed her complaint. Rubio alleged that the Defendants, C.R. Contractors, LLC, SGS, LLC, and Maritza Romero ("Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay overtime for hours worked in excess of forty hours in a workweek.

2. The Defendants answered the suit on Sept 28, 2016 and denied the Plaintiff's claims.

3. On January 17, 2017, Petra Oloarte joined this action as an opt-in plaintiff.

4. Plaintiffs alleged that Defendants required Plaintiffs to perform cleaning services at two hotels in New Orleans. Plaintiffs would clean rooms at one hotel in the beginning of the day and then go to a second hotel to clean rooms for the remainder of the day. Plaintiffs maintain

that they were not paid an overtime rate for work performed at the second hotel, even when they worked in excess of forty hours in that work week.

5. Defendants deny the allegations in the Complaint and deny all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Complaint; nonetheless, without admitting or conceding any liability or damages, and solely to avoid the burden, expense and uncertainty of continuing to litigate Plaintiffs' claims, the Parties have agreed to settle Plaintiffs' claims in the Complaint on the terms and conditions set forth in the attached agreement.

6. The parties now agree to settle their disputes under the terms of a settlement agreement.[1] Plaintiffs and their counsel believe that this settlement is fair, adequate and reasonable. The amount to be paid under the settlement is $1,500.00, to be distributed as follows: Kiyoko Rubio will receive $500.00 and Petra Oloarte will receive $1,000.00.

7. These dollar amounts were reached by multiplying the Plaintiffs regular hourly rate by time-and-a-half for all overtime hours they worked. That number was then doubled to account for liquidated damages. Kiyoko Rubio also received an additional amount as an incentive for bringing this action.

8. The above calculations were based on a period extending backwards from the date that Plaintiff filed this action or the opt-in Plaintiffs filed their consent to join this action to the date they were first employed by Defendants—up to the three-year statutory maximum.

9. The settlement agreement does not provide for the award of attorney's fees or costs. The parties understand, however, that Plaintiffs intend to seek an award of attorneys' fees and costs from the Court, or will reach a resolution by agreement without Court intervention.

---

[1] The settlement agreement is attached.

ARGUMENT AND AUTHORITY

10. The FLSA provides that any employer who violated its provisions shall be liable to the employees affected in the amount of unpaid wages, or their unpaid overtime compensation. 29 U.S.C. Section 216(b). The FLSA not only obliges employers to pay employees for unpaid back wages, it compels employers to pay an additional amount in "liquidated damages." *Id*.

11. FLSA claims cannot be waived. *Bodle v. TXL Mortg. Corp.* No. 14-20224, at page 7 (5th Cir. 2015). Parties who seek to compromise FLSA claims must be mindful that the 5th Circuit has promulgated standards for the approval of such agreements. *Id.* Other circuits have also recognized minimum standards for releasing defendant-employers from FLSA claims. *Lynn's Food. Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982); *Boaz v. FedEx Customer Information Services, Inc*., 725 F.3d 603, 606 (6th Cir. 2013).10.

12. In reviewing FLSA settlements, courts should determine whether the agreement to settle contemplates a "bona fide dispute" over the actual FLSA claim itself. *Martin v. Spring Break '83 Productions, L.L.C.,* 688 F.3d 247, 255 (5th Cir.2012). Settlements which are merely "generic, broad releases" of future claims do not suffice. *Bodle* at page 8.

13. As evidenced by this motion, Plaintiffs settlement is not merely a "generic release" of their FLSA claims. It specifically contemplates the nature and extent of their claims, and it is for dollar amounts that mirror what Plaintiffs claim they are owed under the law. Their counsel have undertaken an in-depth review of each Plaintiff's pay records and calculated a specific award based on the facts of each Plaintiffs' case. As such, this Court should approve the settlement.

CONCLUSION & PRAYER

WHEREFORE PREMISES CONSIDERED, the parties seek approval of this FLSA settlement for all reasons stated herein.

Respectfully submitted,

*/s/ William H. Beaumont*

William H. Beaumont (#33005)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*Attorney for Plaintiffs*

*/s/Matthew A. Sherman*

George B. Recile, L.B.N. 11414
Patricia E. Pannell, L.B.N. 18665
Matthew A. Sherman, L.B.N. 32687
Patrick R. Follette, L.B.N. 34547
**CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM & HAYES., L.L.P.**
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
*Attorneys for Defendants*